## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

BRUCE LAMAR HILL, AIS # 138707      :

     Plaintiff,                     :

v.                              :       CA 11-0620-WS-C

WARDEN BISHOP, *et al.*,       :

     Defendants.              :

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis* filed a Complaint under 42 U.S.C. § 1983. This action, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), is before the Court, *sua sponte*, for Plaintiff's failure to obey the Court's orders. For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and pursuant to 28 U.S.C. § 1915(g).

### I. FACTS AND PROCEEDINGS

On November 1, 2011, Plaintiff filed a Complaint under 42 U.S.C. § 1983, asserting general conditions of confinement claims. (Doc. 1). On the same date, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, which was granted by this Court on November 2, 2011. (Docs. 2, 3).

On November 8, 2011, Plaintiff filed a Motion for a Preliminary Injunction and/or Protective Order claiming that Defendants had "confiscated" his legal work, and asking this Court to issue an injunction ordering Defendants to return Plaintiff's legal work. (Doc. 4). Subsequently, a waiver of service was returned by Defendant Warden Bishop on February 17, 2012. (Doc. 7).

On February 29, 2012, the Court ordered Plaintiff, Bruce Lamar Hill, to show cause why this action should not be dismissed and counted as a strike under 28 U.S.C. § 1915(g) for abuse of the judicial process or should not be dismissed for failure to comply with this Court's form's requirements to list his prior lawsuits as required on the Complaint.   (Doc. 8).

In his response to that Order, Plaintiff states simply that he could not inform the Court of more than one of his prior twenty-six actions because Defendants have possession of Plaintiff's "legal work."   (Doc. 9).

## II. DISCUSSION

On November 1, 2011, Plaintiff filed the present action, and when filing this action, chose to disregard the requirement in the complaint form that he disclose his litigation history under penalty of perjury, listing as prior lawsuits only one, namely *Hill v. Hetzel*, 02:10-cv-597-KOB-RRA (N.D. Ala.), which he indicated is pending.   (Doc. 1 at 3).

To the contrary, Plaintiff has a prolific litigation history, as the Court discovered that Plaintiff has actually filed, not just one, but twenty-six additional actions in the federal courts in the states of Alabama and Florida.   Notably, three of these actions are "strikes" under 28 U.S.C. § 1915(g), or actions that were dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted, namely, *Hill v. Taylor*, CA 09-1820-JHH-RRA (N.D. Ala. Feb. 1, 2010), *Hill v. Thomas*, CA 02-0892-BH-D (S.D. Ala. Sept. 2, 2003), and *Hill v. Kelly*, CA 94-01296-WMA-RRA (N.D. Ala. Aug. 23, 1994).   Thus, both for the reasons that Plaintiff failed to disclose his litigation history without proper cause and because Plaintiff has already had at least three actions dismissed pursuant to § 1915(g), Plaintiff's action is due to be dismissed without prejudice.

2

A.      Failure to Disclose Litigation History

The Eleventh Circuit has affirmed district courts' dismissals of inmates' actions when they have failed to properly disclose their litigation histories.   *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221 (11th Cir. 2011) (unpublished); *Pinson v. Grimes*, 391 F. App'x 797 (11th Cir.) (unpublished), *cert. denied*, 131 S. Ct. 527 (2010); and *Shelton v. Rohrs*, 406 F. App'x 340 (11th Cir. 2010) (unpublished) .

In *Redmon*, the Eleventh Circuit affirmed the district court's dismissal of a complaint based upon plaintiff's misrepresentation of his litigation history, noting abuse of the judicial process.   *Redmon*, 414 F. App'x at 225.   The court stated that "[u]nder 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal."   *Id.* (citing *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir.1997)).   The Eleventh Circuit explained that a district court "may impose sanctions if a party knowingly files a pleading that contains false contentions," and although pro se pleadings are held to less stringent standards, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules."   *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).   Finding no abuse of discretion, the court noted that plaintiff failed to disclose a prior lawsuit, but had been afforded an opportunity to show cause, just as in the present case, as to why his complaint should not be dismissed.   The court affirmed the district court's decision in "concluding that plaintiff's explanation for his failure to disclose the lawsuit – that he misunderstood the form – did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction."   *Id.* at 226.

Similarly, in *Pinson v. Grimes*, 391 F. App'x 797 (11th Cir. 2010), the Eleventh Circuit affirmed the district court's dismissal of a complaint based upon plaintiff's misrepresentation of his litigation history and its counting the dismissal as a strike for abuse of the judicial process when

3

A.      Failure to Disclose Litigation History

The Eleventh Circuit has affirmed district courts' dismissals of inmates' actions when they have failed to properly disclose their litigation histories.   *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221 (11th Cir. 2011) (unpublished); *Pinson v. Grimes*, 391 F. App'x 797 (11th Cir.) (unpublished), *cert. denied*, 131 S. Ct. 527 (2010); and *Shelton v. Rohrs*, 406 F. App'x 340 (11th Cir. 2010) (unpublished) .

In *Redmon*, the Eleventh Circuit affirmed the district court's dismissal of a complaint based upon plaintiff's misrepresentation of his litigation history, noting abuse of the judicial process.   *Redmon*, 414 F. App'x at 225.   The court stated that "[u]nder 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal."   *Id.* (citing *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir.1997)).   The Eleventh Circuit explained that a district court "may impose sanctions if a party knowingly files a pleading that contains false contentions," and although pro se pleadings are held to less stringent standards, "a plaintiff's pro se status will not excuse mistakes regarding procedural rules."   *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).   Finding no abuse of discretion, the court noted that plaintiff failed to disclose a prior lawsuit, but had been afforded an opportunity to show cause, just as in the present case, as to why his complaint should not be dismissed.   The court affirmed the district court's decision in "concluding that plaintiff's explanation for his failure to disclose the lawsuit – that he misunderstood the form – did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction."   *Id.* at 226.

Similarly, in *Pinson v. Grimes*, 391 F. App'x 797 (11th Cir. 2010), the Eleventh Circuit affirmed the district court's dismissal of a complaint based upon plaintiff's misrepresentation of his litigation history and its counting the dismissal as a strike for abuse of the judicial process when

3

Pinson "fail[ed] to list all related court cases on his complaint under penalty of perjury."   *Id.* at

798.   Pinson had listed only two actions, as opposed to the four actions which he should have

listed in response to a question on the complaint.   *Id.*   In reaching its conclusion, the Eleventh

Circuit relied on the decision, *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on

other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), where a

plaintiff had lied under penalty of perjury about the existence of a previous lawsuit.   *Pinson*, 391

F. App'x at 798-99.   The Eleventh Circuit noted that the *Rivera* decision counted the lawsuit as a

strike and concluded that a "dismissal for abuse of the judicial process [was] precisely the type of

strike that Congress envisioned when drafting section 1915(g)."   *Id.* (quoting *Rivera*, 144 F.3d at

731); *see also Taylor v. Allen*, CA 07-0794-CG-M, 2009 WL 1758801, at *4 (S.D. Ala. June 16,

2009) (dismissing inmate's complaint as a sanction on the alternative ground of dishonesty in the

complaint and relying on *Rivera v. Allin*).

Again, in *Shelton v. Rohrs*, 406 F. App'x 340 (11th Cir. 2010), the Eleventh Circuit

affirmed a district court's dismissal of a complaint without prejudice under 28 U.S.C.

§ 1915(e)(2)(B)(i) for abuse of the judicial process because of the plaintiff's failure to disclose his

litigation history.   *Id.*   The court noted that "[e]ven if Shelton did not have access to his materials,

he would have known that he filed multiple previous lawsuits."   *Id.* at 341.

The record in this case is clear that Plaintiff has chosen to disregard this Court's

requirement to disclose his litigation history.   Plaintiff provides only one case name, when he has

filed a total of twenty-six federal actions throughout the states of Alabama and Florida. When

given an opportunity to show cause to this Court as to why he failed to disclose these numerous

actions, Plaintiff states only that Defendants have possession of his "legal work."   (Doc. 9).   The

plaintiffs in *Pinson* and *Shelton* also argued a lack of access to legal materials as reasons for failure

4

to list all prior lawsuits, and the courts rejected that argument.   *Pinson*, 391 F. App'x at 799,

*Shelton*, 406 F. App'x at 341.

As a result of Plaintiff's failure to comply with this Court's requirements and disclose his

prior litigation history, it is recommended that Plaintiff's action be dismissed without prejudice.

B.   28 U.S.C. § 1915(g) Three Strikes

Additionally, three of Plaintiff's previously filed lawsuits were dismissed pursuant to 28

U.S.C. § 1915(g).[1]   Section 1915(g) provides that

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if
> the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a
> claim upon which relief may be granted, unless the prisoner
> is under imminent danger of serious physical injury.

In order to avoid the dismissal of the present action pursuant to § 1915(g), Plaintiff must

satisfy the exception to § 1915(g), which requires that at the time of the Complaint's filing, he must

show that he was "under imminent danger of serious physical injury." *Medberry v. Butler*, 185

F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical

injury at the time the complaint is filed, not at a prior time); *Brown v. Johnson*, 387 F.3d 1344,

1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past

danger, to proceed under section 1915(g)"); *see Adbul–Akabar v. McKelvie*, 239 F.3d 307, 315 (3d

Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety

valve for the 'three strikes' rule to prevent impending harms, not those harms that had already

---

1 *Hill v. Taylor*, CA 09-1820-JHH-RRA (N.D. Ala. Feb. 1, 2010), *Hill v. Thomas*, CA 02-0892-BH-D (S.D. Ala. Sept. 2, 2003), and *Hill v. Kelly*, CA 94-01296-WMA-RRA (N.D. Ala. Aug. 23, 1994) were each dismissed pursuant to 28 U.S.C. § 1915(g).

occurred."), *cert. denied*, 533 U.S. 953 (2001) (emphasis added).  Thus, in order to satisfy the exception to § 1915(g), Plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen*, CA No. 06–0496–CG–M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (quotation and quotation marks omitted) (unpublished) (Granade, C.J.).

In reviewing the Complaint's allegations, the Court does not discern a claim showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint. The Court received Plaintiff's Complaint on November 1, 2011, with the Complaint being actually signed by Plaintiff on October 30, 2011. (Doc. 1).   In his Complaint, Plaintiff makes generalized allegations regarding the living conditions at Holman Correctional Facility ("Holman").   (Doc. 1 at 4-8).   He alleges that from the time of August 29, 2011, when he apparently first entered Holman, until the filing of the Complaint, the conditions of confinement were poor.   (*Id.* at 4). Plaintiff complains that he initially slept on a "steel rack" with only a sheet, and claims that he filed complaints to various personnel regarding the "living conditions overall," specifically noting "broken out windows, unsanitary mattresses, nutritionally deficient diet…constant outbreaks of staph infections."  (*Id.*).   Plaintiff complains of a general denial of reading materials and cleaning supplies.  (*Id.* at 5).   Plaintiff also contends that there is a "failure to protect inmates from assaults by other inmates, and officers using excessive force on inmates…"   (*Id.* at 4).   However, Plaintiff does not claim that he was attacked by a fellow inmate or another officer.   Plaintiff's claims are very generalized, and there does not appear to be a claim of actual physical injury to Plaintiff.

Considering all of Plaintiff's allegations, the Court finds that they do not show that he was under "imminent danger of serious physical injury" at the time of filing.   Therefore, Plaintiff cannot avail himself of § 1915(g)'s exception.   Because Plaintiff cannot avail himself of

§ 1915(g)'s exception, and on account of his failure to pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002).

<u>CONCLUSION</u>

Based on the foregoing, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and pursuant to 28 U.S.C. § 1915(g).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE and ORDERED** this the 12th day of April, 2012.


s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE


**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.     ***Objection***.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.   Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

7

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.   Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

2 Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"   Fed. R. Civ. P. 72(b)(2).

8